The relief described hereinbelow is SO ORDERED.

Signed March 20, 2009.



_____
ROBERT D. BERGER
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **BRUCE JAMES FERDINAND SONDERN,** | Case No. 08-20404 |
| Debtor. | Chapter 7 |

**OLD WORLD ANTIQUES, LTD.,**
      **Plaintiff,**

     v.                                                                                                                   Adv. No. 08-6067

**BRUCE JAMES FERDINAND SONDERN,**
      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING JUDGMENT IN FAVOR OF
DEFENDANT ON PLAINTIFF'S COMPLAINT AND
GRANTING JUDGMENT IN FAVOR OF PLAINTIFF ON DEFENDANT'S
COUNTERCLAIM**

Plaintiff Old World Antiques, Ltd. ("Old World"), filed a complaint objecting to discharge of a debt under 11 U.S.C. §523(a)(4) and (6). Old World seeks to except from discharge about $91,000.00 plus post-petition interest, alleging Defendant/Debtor Bruce Sondern willfully and maliciously embezzled from the now-dissolved Old World in 1991. Old World

09.03.05 Old World Antiques MSJ.wpd

obtained a default judgment against Sondern in Missouri state court in 1993 for willful and malicious conversion.  In 2000, Old World registered the judgment in Wyandotte County, Kansas.  In 2007, Old World obtained a Journal Entry reviving the judgment.  Post-petition, on April 25, 2008, Old World filed a renewal affidavit with the Wyandotte County District Court averring the judgment remains unpaid.

Sondern answered the complaint, denying the validity of the Journal Entry reviving the judgment as being entered without notice to him and therefore by a court without personal jurisdiction over him.  Sondern also filed a counterclaim against Old World alleging the filing of the renewal affidavit violated the automatic stay.

For the following reasons, judgment is entered in favor of Sondern on Old World's complaint and judgment is entered in favor of Old World on Sondern's counterclaim.

### Findings of Fact

The facts are not in dispute.  Sondern filed for bankruptcy on February 29, 2008.  In 1993, a Missouri state court entered default judgment against Sondern in favor of Old World for the principal amount of $53,445.40 and included $13,178.00 in interest and $25,000.00 in punitive damages.  In 2000, Old World registered the judgment in Wyandotte County.  Old World attempted to garnish Sondern's wages, but Sondern filed for bankruptcy in 2000.  Sondern's Chapter 13 case was dismissed in 2002.  Thereafter, Old World again attempted to execute on its judgment, but was apparently unable to locate Sondern.  In 2007, Old World filed a timely Motion for Revivor of Dormant Judgment in Wyandotte County.  On August 7, 2007, the Wyandotte County District Court entered a Journal Entry reviving the judgment.  The Journal Entry states in relevant part:

1. Manu Rattan appears on behalf of plaintiff. No one appears on behalf of defendant.
. . . .

3. Plaintiff advises the Court that he mailed a copy of the Motion to: Thomas DeCoursey . . .on July 17, 2007, and the envelope was returned to Mr. Jarvis [Plaintiff's counsel] with the notation: "Return to Sender."

4. On August 2, 2007, Mr. Jarvis called Robert DeCoursey, defense counsel's brother and was advised that Tom DeCoursey had retired approximately a year ago. Robert DeCoursey indicated he would attempt to get a mailing address for his brother Tom and leave it on plaintiff's fax. Plaintiff then mailed to Robert DeCoursey . . . a copy of the Motion and then faxed . . . a copy of the Motion. Robert DeCoursey is not an attorney of record in this case, but service was made to him in the hope he could advise his brother of this Motion. Plaintiff advises the Court that Tom DeCoursey told Laurence M. Jarvis that he, Mr. DeCoursey intended to withdraw as counsel for defendant. However, the Court file still shows Tom DeCoursey, to be the attorney of record and therefore the mailing was made to Mr. DeCoursey at his last address shown in the file.

The Wyandotte County court file regarding this case does not reflect Tom DeCoursey ever entered his appearance on Sondern's behalf. The automatic stay went into effect on the petition date. Sondern does not live in Wyandotte County and does not own any property located in Wyandotte county. Post-petition, on August 25, 2008, Old World filed a renewal affidavit in Wyandotte County.

### Conclusions of Law

**A. Sondern's Counterclaim Alleging Old World Violated the Automatic Stay Fails to State a Claim for Relief.**

Old World filed a motion for judgment on the counterclaim under Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings must meet the same standards as a motion to dismiss for failure to state a claim upon which relief can be granted.[1] Thus, all facts pleaded by the non-

---

[1] *Park University Enterprises, Inc., v. American Cas. Co. of Reading, PA,* 442 F.3d 1239, 1244 (10th Cir. 2006).

moving party are accepted as true and all inferences are construed in the non-moving party's favor.  Judgment on the pleadings should not be granted unless the moving party has clearly established the absence of material fact issues and the party is entitled to judgment as a matter of law.  As with Rule 12(b)(6) motions to dismiss, documents attached to the pleadings are exhibits and may be considered.[2]

Sondern alleges Old World violated the automatic stay by filing a renewal affidavit in state court post-petition.  A renewal affidavit is a statement under oath, signed by the judgment creditor, filed in the proceedings in which the judgment was entered, and stating the remaining balance due and unpaid on the judgment.[3]  The purpose of a renewal affidavit is to keep a judgment enforceable.  If a renewal affidavit is not filed or execution is not issued within five years from the entry of any judgment or within five years from the date of any order reviving the judgment, the judgment becomes dormant and ceases to operate as a lien on the real estate of the judgment debtor.[4]  Filing a renewal affidavit does not violate the automatic stay.[5]  A renewal affidavit simply allows the holder of a judgment to maintain the status quo.  The mere ministerial act of maintaining the status quo does not violate the language or intent of 11 U.S.C. § 362.[6]  The automatic stay prohibits acts to create, perfect, or enforce a lien against the estate.  The stay does not prohibit acts to extend, continue, or renew judgments.[7]  Simply filing a renewal affidavit

---

[2] *Id.*

[3] K.S.A. § 60-2403(a)(2).

[4] K.S.A. § 60-2403(a)(1).

[5] *In re Silva,* 215 B.R. 73, 77 (D. Idaho 1997); *3M Dozer Service, Inc. v. Baker,* 136 P.3d 1047, 1050 (Okla. 2006) (providing citations from many jurisdictions);  *In re Stuber*, 142 B.R. 435, 438 (D. Kan. 1992) citing *In re Morton,* 866 F.2d 561 (2nd Cir. 1989); *Larson v. Norwest Bank Fargo, N.A. (In re Larson),* 979 F.2d 625 (8th Cir. 1992).

[6] *In re Morton,* 866 F.2d at 564.

[7] *Id.; see also In re Silva,* 215 B.R. at 77; *but see In re Bond Enterprises, Inc.,* 54 B.R. 366, 369 (Bankr. D.N.M. 1985) (relieving secured creditor of obligation to file a UCC continuation statement during pendency of

-4-

09.03.05 Old World Antiques MSJ.wpd

does not involve a judicial proceeding and does nothing but maintain the status quo.

The filing of the renewal affidavit post-petition, which Sondern admits had no effect on him or any of his property or property of the estate, does not violate the automatic stay as a matter of law. Old World is entitled to judgment on the counterclaim.

**B. Sondern's Cross Motion for Summary Judgment on the Dischargeability Complaint Based on the Validity of the Journal Entry Reviving the Judgment is Granted.**

Sondern moves for summary judgment on Old World's complaint, alleging the August 7, 2007, Journal Entry reviving the 2000 registered foreign judgment is void for lack of personal jurisdiction.

A default judgment rendered by a court lacking personal jurisdiction is void and may be challenged at any time in any court.[8] *Res judicata,* the Rooker-Feldman doctrine, and the full faith and credit clause of the United States Constitution do not apply when the collateral attack on the state court judgment is aimed at a violation of due process.[9] Only if the parties fully and fairly litigated personal jurisdiction in a prior proceeding, is a subsequent collateral attack precluded.[10] A judgment entered without due process is void – a nullity. A void judgment may be attacked at any time by the party affected .[11] In contrast, a voidable judgment is valid until set aside and cannot be collaterally attacked.[12] If the revivor order was entered without personal

---

bankruptcy because filing continuation statement would have violated the automatic stay as an act to perfect a lien against debtor's property).

[8] *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004); *Medina v. Am. Family Mut. Ins. Co.,* 32 P.3d 205, 207, 29 Kan.App.2d 805, 808 - 09 (2001).

[9] *United States v. Bigford*, 365 F.3d at 866.

[10] *Id.* at 865.

[11] *Medina v. Am. Family Mut. Ins. Co.,* 29 Kan.App.2d at 809.

[12] *Id.*

jurisdiction, it is a void judgment and may be challenged in this proceeding on that basis.[13] The judgment debtor bears the burden of proving the judgment is void.[14] Such challenges are not favored. The party arguing the judgment is void must clearly and conclusively show the prior court had no jurisdiction.[15] The inquiry is limited to the face of the judgment and any defects in service appearing therein.[16] If Kansas statutory service requirements have been met, the journal entry of revivor may not be attacked on jurisdictional grounds.[17] However, if Sondern is correct in that he was not properly served, then the district court lacked jurisdiction to order revivor.

To obtain a revivor order,[18] a judgment creditor is required to file a motion, provide notice as for a summons, and attend a hearing.[19] Failure to properly serve a party deprives the court of personal jurisdiction.[20] K.S.A. § 60-2404 requires the judgment creditor to provide notice of a motion for revivor in the same manner as a summons under Article 3 of Chapter 60. Kansas law provides for service on an individual by serving the individual or an agent authorized by appointment or by law to receive service of process.[21] Because K.S.A. § 60-2404 specifically requires service as provided under Article 3, service on an attorney of record as provided under K.S.A. §60-205 is not effective service of a motion for revivor. Service of process on an attorney is generally not effective absent some evidence the attorney was authorized to accept

---

[13] *United States v. Bigford*, 365 F.3d at 865 (citations omitted); *Brockman Equip. Leasing, Inc., v. Zollar*, 596 P.2d 827, 831, 3 Kan.App.2d 477, 482 (1979).
[14] *Id.*
[15] *Id.*
[16] *Johnson v. First Nat'l Bank in Wichita,* 223 F.2d 31, 33 (10th Cir. 1955).
[17] *Johnson,* 223 F.2d at 33.
[18] Kansas judgments are enforceable for five years from the date of entry. After five years, the judgment becomes dormant. Within two years of a judgment becoming dormant, the judgment creditor may revive the judgment by moving the court for an order of revivor.
[19] K.S.A. §60-2404.
[20] *Sramek v. Sramek,* 840 P.2d 553, 575 (Kan. Ct. App. 1993).
[21] K.S.A. §60-304.

-6-
09.03.05 Old World Antiques MSJ.wpd

Case 08-06067   Doc# 22   Filed 03/20/09   Page 6 of 8

service on behalf of the individual.[22]

Sondern has met his burden by showing the 2007 Journal Entry of Revivor is void on its face for lack of personal jurisdiction. The Journal Entry, prepared by Old World's counsel, recites in great detail how counsel failed to properly serve or even attempt to serve Sondern. Service on the brother of an attorney who may or may not have been Sondern's counsel in a prior case is not effective service. Old World did not even certify it actually served the attorney's brother. Further, the Journal Entry details Old World's complete lack of evidence that Mr. Tom DeCoursey was authorized by appointment or law to accept service on behalf of Sondern. The Journal Entry states Mr. DeCoursey had been retired for over a year, and apparently he told Old World's counsel he would be withdrawing. Mr. DeCoursey was clearly not authorized to accept service for Sondern pursuant to either K.S.A. §60-304 or §60-306. Besides mailing and faxing the motion to the brothers DeCoursey, no other attempts at service were made.

The Journal Entry of Revivor itself reveals Kansas statutory service requirements were not met. This Court cannot vacate or set aside the state court judgment, but the Court can note the violation of due process which prevented the rendering court from exercising personal jurisdiction over Sondern. Because the Journal Entry thoroughly narrates the defects in service, the Journal Entry is not entitled to full faith and credit in this Court. Thus, Old World's claim in this bankruptcy, which is dependent upon the proper revival of a 2000 judgment, is not an allowable claim upon which relief may be granted.

---

[22] *See U.S. v. 51 Pieces of Real Property, Roswell, N.M.,* 17 F.3d 1306, 1313 (10th Cir. 1994); *Marshall v. Wendt,* 171 P.3d 285 (Table), 2007 WL 4246876, *4 (Kan. Ct. App. 2008) (unpublished).

09.03.05 Old World Antiques MSJ.wpd

## Conclusion

For the foregoing reasons, Old World's Motion for Judgment on the Pleadings pertaining to the counterclaim is GRANTED. Debtor Sondern's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

### ###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS